# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Rowe, | Case No. 2:22-cv-00014-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| The State of Nevada, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to amend. (ECF No. 7). Defendants the State of Nevada and Brian Sandoval[1] did not respond.[2] Currently, Plaintiff's first amended complaint is the operative complaint and Defendants have a motion to dismiss that complaint pending. (ECF Nos. 4, 10). Defendants move to stay discovery pending the Court's decision on the pending motion to dismiss. (ECF No. 20).

Because Plaintiff's proposed amendments are futile, the Court denies Plaintiff's motion to amend without prejudice. (ECF No. 7). Because a stay is warranted under the *Kor Media* factors, the Court grants Defendants' motion to stay discovery. (ECF No. 20). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Discussion.**

   ***A.    The Court denies Plaintiff's motion to amend without prejudice.***

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it…" Fed. R. Civ. P. 15(a)(1)(A). In all other cases, a "party may amend its pleading

---

[1] The State of Nevada and Brian Sandoval are the only Defendants to have appeared in this case.

[2] Typically, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. *See* LR 7-2(d). However, because the Court finds that Plaintiff's motion to amend fails on other grounds, it does not find Defendants' failure to respond alone sufficient reason to grant the motion.

only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id.* at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff filed the instant motion before the deadline to amend pleadings or add parties. (ECF No. 21 at 4). However, this is his second motion to amend. Plaintiff's first amended complaint—amended as a matter of course under Federal Rule of Civil Procedure 15(a)(2)—is currently the operative complaint.

While the Ninth Circuit cautions courts to liberally allow amendment, here, Plaintiff's amendment is futile. In his motion, Plaintiff explains that he is seeking to amend his complaint to add official capacity actions against the Defendants. (ECF No. 7). Plaintiff's proposed amended complaint specifies that he is suing Defendants in their official capacity through 42 U.S.C. § 1983. But states and state officials sued for damages in their official capacity are not persons subject to suit under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). While states and state officials sued for *injunctive* relief in their official capacity are persons who may be sued under § 1983, Plaintiff asserts in his motion that he "is no longer going to request injunctive relief…" (ECF No. 7 at 1). These proposed amendments are thus futile.

Plaintiff's other proposed amendments include citations to sections of NRS Chapter 391 that are no longer in force. Plaintiff's proposed amendments change certain of his citations to NRS 391.760 into citations to NRS 391.314 and NRS 391.014. But NRS 391.314 and NRS 391.014 are no longer part of Chapter 391 and Plaintiff does not otherwise explain why he has substituted these citations. Because the proposed amended complaint does not change the

viability of Plaintiff's already-alleged claims, the Court denies Plaintiff's motion to amend without prejudice.

### B. The Court grants Defendants' motion to stay discovery.

Defendants argue that the Court should stay discovery until it decides the pending motions to dismiss. (ECF No. 20). They explain that the motions are potentially dispositive, do not require additional discovery, address preliminary issues like immunity and statutes of limitations, and are likely to be granted upon a preliminary peek. (*Id.* at 3-7). Defendants add that, in previous conversations, Plaintiff has stated that discovery is unnecessary. (*Id.* at 5).

Plaintiff responds that a stay of discovery is unwarranted because "there is no credible reason to dismiss the complaint." (ECF No. 32). He also asserts that discovery is not necessary, arguing "[t]here is nothing to discovery in this case because the Plaintiff is holding all the cards and these fraudsters are stuck with the jokers." (*Id.* at 2). Defendants reply that, because Plaintiff's opposition does not address the relevant facts or legal authority for a motion to stay and concedes that discovery is not necessary, the Court should grant the motion. (ECF No. 34).

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the

potentially dispositive motion to evaluate the likelihood of dismissal.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted).

The Court grants Defendants' motion to stay discovery.  As a preliminary matter, while the Rules do not provide for blanket stays, Defendants have moved to dismiss on immunity and statutes of limitation grounds.  These are preliminary issues that justify the stay.  A stay is also warranted under the *Kor Media* factors.  First, the pending motion is potentially dispositive of each of Plaintiff's claims.  Second, as Plaintiff concedes, the motion can be decided without additional discovery.  Third, the Court has taken a preliminary peek at the merits of the motion and—while it does not prejudice the outcome—finds that a stay of discovery is warranted here.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 7) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery (ECF No. 20) is **granted.**

DATED: June 8, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[3] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view on the merits. *See Tradebay*, 278 F.R.D. at 603.  The undersigned's preliminary peek at the merits is not intended to prejudice the outcome.