UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael Rowe, | Case No. 2:22-cv-00014-CDS-DJA |
| Plaintiff | |
| v. | **Order Granting Motions to Dismiss and Closing Case** |
| The State of Nevada, et al., | [ECF Nos. 10, 17] |
| Defendants | |

Pro se plaintiff Michael Rowe brings this civil-rights and tort action against the State of Nevada, former Nevada Governor Brian Sandoval, and several members of the 2011 Nevada Legislature. *See generally* ECF No. 4. His allegations arise out of his termination from the Clark County School District in 2014. *Id.* The State of Nevada moves to dismiss the case based on insufficient service of process. ECF No. 10. Sandoval separately moves to dismiss on several bases, arguing that Rowe fails to state a claim, that he has legislative immunity, that the Eleventh Amendment precludes the claims again him, and that the claims are time-barred. ECF No. 17. Rowe opposes both motions. ECF No. 13 (Opp. to State's Motion); ECF No. 28 (Opp. to Sandoval's Motion). Both defendants replied to Rowe's oppositions. ECF No. 15 (State of Nevada); ECF No. 30 (Sandoval). Having considered the moving papers, and for the reasons set forth herein, I hereby grant both motions to dismiss. I also dismiss all claims against the members of the Nevada Legislature for failure to serve. And because no claims remain against any defendants, I direct the Clerk of Court to close this case.

I.      Relevant procedural history

Rowe filed a complaint against the State of Nevada, Sandoval, and members of the 2011 Nevada Legislature on January 4, 2022. ECF No. 1. Shortly afterward, Rowe filed an amended, and now operative, complaint. ECF No. 4. On February 1, 2022, a summons served upon "the

State of Nevada" was docketed. ECF No. 9. The summons was directed toward "the State of Nevada," and a legal assistant with the Nevada Attorney General's Office accepted service. *Id.* at 2.

On February 10, 2022, the State of Nevada filed a motion to dismiss this action. ECF No. 10. Rowe filed an opposition to the motion on February 15, 2022. ECF No. 13. On March 28, 2022, Sandoval filed a motion to dismiss this action. ECF No. 17. In his motion, Sandoval waived service of process. See ECF No. 17 at 3 ("Mr. Sandoval waives personal service[.]"). Rowe filed an opposition to Sandoval's motion on April 11, 2022. ECF No. 28. The State of Nevada filed a reply to his opposition on February 22, 2022 (ECF No. 15), and Sandoval filed a reply on April 15, 2022 (ECF No. 30).

On October 7, 2022, the court filed a notice of intent to dismiss the amended complaint as to the 2011 Nevada Legislature members under Federal Rule of Civil Procedure 4(m) for Rowe's failure to file proof of service. *See* ECF No. 36 ("To date, there has been no proof of service filed as to: 2011 Nevada State Assembly Members and 2011 Nevada State Senate Members."). To date, no proof of service has been filed as to those defendants.

## II. Discussion

"Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person[.]" *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)). "Defendants must be served . . . or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant.") (citations omitted). Stated otherwise, service of process is a procedural

requirement that must be met before this court may exercise personal jurisdiction over a defendant. *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Service must be effectuated under the law of the forum state. *See* Fed. R. Civ. P. 4(e)(1). Rule 4.2(d) of the Nevada Rules of Civil Procedure provides the requirements for serving the State of Nevada, its public entities, political subdivisions, and their officers and employees. Nev. R. Civ. 4.2(d). It states that:

> The State and any public entity of the State must be served by delivering a copy of the summons and complaint to:
>
> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and
> (B) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process.

*Id.* Further, Nevada Revised Statutes (NRS) § 41.031(2) provides that "any action against the State of Nevada . . . must be brought in the name of the State of Nevada on relation of the particular department, commission, board[,] or other agency of the State whose actions are the basis for the suit. An action against the State of Nevada must be filed in the county where the cause or some part thereof arose or in Carson City." Nev. Rev. Stat. § 41.031(2).

Ordinarily, service of a summons and complaint on a named party must occur within 90 days of when the complaint is filed. Fed. R. Civ. P. 4(m). When service of process occurs within the United States, proof of service must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l)(1). A party may serve all other court "papers" via multiple delivery methods, including regular mail, personal delivery, and electronic means (such as the court's electronic filing system). Fed. R. Civ. P. 5(a), (b). The Rules require a party to show proof of service for all other court documents through a "certificate of service." *Id.* at 5(d). District courts have broad discretion to either dismiss an action entirely for failure to effectuate service or to quash the

defective service and permit re-service. *See SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("the district court has discretion to dismiss an action or to quash service").

The failure to timely serve under Rule 4(m) is not fatal, as the rule provides two avenues for relief from this service deadline. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Relief is mandatory if the district court finds that the plaintiff establishes good cause for the extension requested. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Relief is within the court's discretion even if good cause is not shown, but a plaintiff demonstrates excusable neglect. *Crowley v. Bannister*, 734 F.3d 967, 976 (citing *Lemoge*, 587 F.3d at 1198). Overall, the court has broad discretion to extend the time to serve a complaint. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

In the Ninth Circuit, "good cause generally means: (a) service was attempted but not completed; (b) plaintiff was confused about the requirements of service; or (c) plaintiff was prevented from serving defendant by factors beyond plaintiff's control." *C.B. Fleet Co., Inc. v. Bowker*, 2013 WL 164271, at *2 (D. Nev. Jan. 14, 2013) (internal citations omitted). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence" (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)) and includes "omissions caused by carelessness." *Id.* at 388.

Courts may consider evidence outside the pleadings—such as affidavits, depositions, and oral testimony—in resolving a Rule 12(b)(5) motion. *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Or. 2013). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, . . . neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Crowley*, 734 F.3d at 975 (internal quotation marks and citations omitted).

When service of process is insufficient, the district court has discretion to dismiss the action or to quash service. *Issaquah Sch. Dist. No. 411*, 470 F.3d at 1293 (citation omitted). However,

"[d]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Chapman v. Teamsters Local 853*, 2007 WL 3231736, at *1 (N.D. Cal. Oct. 30, 2007) (citation omitted). Finally, when opposing a Rule 12(b)(5) motion to dismiss, the plaintiff carries the burden of establishing the validity of service.

The State of Nevada moves to dismiss this action for insufficient service of process. Rowe opposes the motion, arguing that service is proper because he served it upon the Attorney General's Office, contending "[o]ne would think the AG Office (sic) would be privy as it runs all the agencies of the State." ECF No. 13 at 5. Rowe further argues that he could not name the responsible administrative agency because it no longer exists (*id.* at 5), and that he believes it is "not necessary to serve the individual defendants because NRS 41.03375 thru NRS 410373[1] establishes that the AG is the defendant's legal representative." *Id.* at 6.

The State of Nevada correctly argues that the individual legislator-defendants have not been properly served, and I therefore lack jurisdiction over them. Rowe's mistaken belief or lack of understanding regarding service of process does not demonstrate either good cause or excusable neglect. He does not proffer any evidence in support of a finding under either standard, nor does he ask me to make such a finding. This is even after Rowe was placed on notice that the individually named legislator-defendants had not been served. Service has still not been effectuated, and Rowe has not requested additional time for service. *See* ECF No. 36. Accordingly, I hereby dismiss all claims against the legislator-defendants without prejudice.

Service pertaining to the State of Nevada, however, is a thornier issue. It is a more difficult determination because the Attorney General's Office accepted service. *See* ECF No. 9. The State acknowledges the proposed second-amended complaint but argues that it is insufficient because the State was not served with the actual operative complaint. ECF No. 10 at 10. The State also argues that no administrative head of the named public entity, or an agent designated by the administrative head, has been served. Rowe responded that he cannot serve an

---

[1] This appears to be a typographical error. The court construes this as a reference to NRS § 41.03473.

5

administrative head or designee because "the administrative agency and administrative remedy are gone" (ECF No. 13 at 4) and "there is no administrative agency to sue." ECF No. 13 at 5. These arguments are unclear because a review of the operative complaint shows that Rowe is suing the Nevada State Board of Education. And Rowe's opposition provides no information regarding which entity he is suing specifically. Identification of an agency is required under NRS § 41.031(2), and the Nevada State Board of Education is still in existence, despite Rowe's contrary statements.[2] Therefore, it appears that Rowe could have—and indeed, should have—served someone from that agency, but he failed to do so. This demonstrates that service of process is deficient. But, for the reasons explained below, I do not dismiss the action against the State on that basis, but instead do so because this suit is barred, as states are not persons for purposes of § 1983 actions and they are immune from suit under the Eleventh Amendment of the Constitution.

It is well established that states are not persons for purposes of § 1983 actions. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, a governmental agency that is an arm of the state is also not a person for purposes of § 1983 actions. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). A Nevada Court of Appeals (COA) case, *Craig v. Donnelly*, addresses whether a plaintiff was required to name the State as party in a state-court case. *Craig v. Donnelly*, 439 P.3d 413 (Nev. App. 2019). In that case, the COA held that "while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS 41.031 and NRS 41.0337, this statutory requirement **does not apply to 42 U.S.C. § 1983** claims, even when brought in the same complaint as a plaintiff's state tort claims." *Id.* at 414 (emphasis added). Important to the application of this case, the COA further held that "the State cannot be named as a party to a plaintiff's § 1983 civil rights claims." *Id.*

---

[2] *See* Nevada State Board of Education, www.doe.nv.gov/State_Board_of_Education/, last accessed on March 17, 2023.

The Eleventh Amendment provides that neither a state nor its agencies can be sued in federal court without consent. U.S. Const. amend. XI.; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Mills Music, Inc. v. Arizona*, 591 F.2d 1278 (9th Cir. 1979). Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). The United States Supreme Court has made clear that § 1983 does not constitute an abrogation of states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338–41 (1979); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (noting that "Nevada has explicitly refused to waive its immunity to suit under the [E]leventh [A]mendment[, and] . . . [t]he Supreme Court has made it clear that section 1983 does not constitute an abrogation of the [E]leventh [A]mendment immunity of the states."). Eleventh Amendment immunity bars § 1983 actions for damages against state agencies, as well as those in which the state itself is named as a defendant, and when state officials are sued in their official capacity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). As such, defendants State of Nevada and NDOC are dismissed with prejudice. Rowe must raise his state-law claims in state court, if he chooses to do so. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982).

Further, sovereign immunity also bars supplemental state-law claims. *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006). This is not a removal case, and sovereign immunity bars any negligence claim in federal court. *See Hirst*, 676 F.2d at 1264 (holding that, when Montana law deemed governmental entities indispensable parties in a state-tort claim against a state employee, the federal court had no supplemental jurisdiction over the state-tort claim if it had no jurisdiction over the indispensable party); *Glover v. Howell*, 2021 WL 2229046, at *2 (D. Nev. June 2, 2021). Here, Rowe's negligence claims against the state are barred by the Eleventh Amendment and must be dismissed with prejudice. *See* Fed. R. Civ. P. 12(b)(1) (dismissal for lack of subject-matter jurisdiction); F. R. Civ. P. 12(h)(3) (requiring dismissal).

While Rowe does not move to amend his complaint to address the identified deficiencies, I address this issue sua sponte. Rule 15 of the Federal Rules of Civil Procedure

advises that the court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). I do not grant leave to amend as it would be futile. The plaintiff already amended the complaint one time, and the allegations contained therein appear to be time-barred and subject to claims of immunity. Even if plaintiff could somehow bring these claims for relief, this action should nonetheless be brought in state court. As a result, dismiss is action without leave to amend.

### III.    Conclusion

IT IS HEREBY ORDERED that the State of Nevada's motion to dismiss **[ECF No. 10] is GRANTED**.

IT IS FURTHER ORDERED that Brian Sandoval's motion to dismiss **[ECF No. 17] is GRANTED.**

IT IS FURTHER ORDERED that all claims against defendants "2011 Nevada State Assembly Members" and "2011 Nevada State Senate Members" are DISMISSED under Federal Rule of Civil Procedure 4(m) for failure to serve.

The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

DATED: March 17, 2023

_____
Cristina D. Silva
United States District Judge